UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA )
) No. 1:18-cr-192-JL
v. )
)
IMRAN ALRAI )

**GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO
APPLICATION TO REPATRIATE PURSUANT TO 21 U.S.C. § 853(e)(4)**

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, hereby replies to Defendant Imran Alrai's Objection to the Government's Application to Repatriate, as follows:

Defendant Alrai objects to the government's application for an order directing Alrai to repatriate $1,154,409 (U.S.) that Alrai wired to Pakistan between November 2013 and May 2018. In support of the application, the government points to the indictment, which specifically describes those funds as proceeds of the alleged fraud scheme. Document Number (DN) 1 at 7. The indictment's notice of forfeiture also lists those funds as directly forfeitable under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as criminal proceeds.[1] The purpose of a repatriation order is to preserve the funds for forfeiture in the event of conviction. *See* 21 U.S.C. 853(e)(1).

Alrai objects on two grounds. First, he objects that although the government alleges that it can trace the wired funds to payments that the victim made to DigitalNet, it is unclear whether the wired funds are part of the losses that the victim claims. DN 15 *passim*. Secondly, he

---

[1] Alrai notes that the United States may not seek the pre-conviction repatriation or restraint of the wired funds, if the funds are forfeitable only as substitute assets. DN 15 at 3 n.1. 21 U.S.C. § 853(p) permits the forfeiture of untainted property (a "substitute asset"), if a directly forfeitable asset, i.e., proceeds or facilitating property, is no longer available. But section 853(p) plays no part in the present Application, since the government seeks repatriation of funds that are directly forfeitable as proceeds.

objects that he cannot repatriate the wired funds because DigitalNet "reinvested" the funds to pay business expenses and operating costs. *Id.* at 1. Alrai's first objection relies on an incorrect premise about criminal forfeiture. His second objection is inadequate under the criminal rules of procedure governing motion practice.

Alrai's premise about criminal forfeiture is incorrect because, assuming for argument's sake that some funds paid by the victim to DigitalNet are not properly characterized as a loss to the victim, *cf. United States v. Gorski*, 880 F.3d 27 (1st Cir. 2018) (affirming under plain error standard forfeiture of entire amount defendant contractor received, without credit for fair market value of defendant's work on projects); *Boston Children's Heart v. Nadal-Ginard*, 73 F.3d 429, 435 (1st Cir. 1996) (noting that court can require corporate officer to forfeit the right to retain his compensation for conduct in violation of his fiduciary duties), the victim's loss does not determine the amount of the forfeiture. *See United States v. Whitfield*, 663 F. App'x 400, 409 (6th Cir. 2016) (district court properly based guidelines calculation on victim's loss; the amount of forfeiture determined by the jury is based on defendant's gain, which is entirely separate from the victim's loss); *accord United States v. Stathakis*, 320 F. App'x 74, 78 (2d Cir. 2009); *United States v. Plaskett*, 355 F. App'x 639, 644 (3d Cir. 2009); *United States v. Kalish*, 2009 WL 130215, *4 (S.D.N.Y. Jan. 13, 2009) (calculation of amount of proceeds to be forfeited is independent of the calculation of the victim's losses; that the victims could demonstrate only $1.2 million in losses did not bar the forfeiture of $8.4 million in proceeds obtained by the defendant), *aff'd* 626 F.3d 165 (2d Cir. 2010). Because victim restitution and forfeiture are distinct, the court can order forfeiture in the absence of pecuniary loss. *United States v. Fard*, 2018 WL 3974111 (M.D. Fla. August 20, 2018) (because forfeiture is measured by the gain to the defendant, not the loss to the victim, defendant who obtained government contracts by fraud

must forfeit all he was paid, even if the government suffered no loss); *United States v. Nicolo*, 597 F. Supp. 2d 342, 347 (W.D.N.Y. 2009) (loss to the victim is relevant to restitution, but not to forfeiture; given the punitive purpose of forfeiture, the defendant must forfeit the gross proceeds of his offense whether or not the victims suffered any loss). Thus, if convicted, Alrai is liable to forfeit all the proceeds of the scheme, not just the amount that represents his victim's loss.

Alrai's second ground of objection - that he cannot repatriate what he has already spent - is inadequate because it is no more than an unsupported factual statement by his counsel. "A lawyer's assertion in a memorandum is not 'an affidavit' under Rule 47(b)." *United States v. Farlow*, 800 F. Supp. 2d 341, 351 (D. Maine 2011), *aff'd*, 381 F.3d 15 (1st Cir. 2012). Moreover, a court is not required to accept unsupported factual assertions in a defendant's memorandum of law, where the memorandum does not contain any record citation that would have confirmed the assertions. *Id*. Alrai must be prepared to provide details about when and how DigitalNet spent the funds. Under the authority of 21 U.S.C. 853(e), the Court can order Alrai to provide an accounting of assets. *See United States v. Hailey*, 840 F. Supp. 2d 896, 897 (D. Md. 2012) (directing defendant, who previously advised the court that he no longer had the alleged fraud proceeds, to disclose the source of $11,000 in $100 bills that he used to pay his property taxes).

Alrai's objections are without merit. The Court should grant the government's application for an order directing repatriation of the wired funds.

    Respectfully submitted,

    SCOTT W. MURRAY
    United States Attorney

Dated:  December 19, 2018          By:    /s/ John S. Davis
John S. Davis
NH Bar No. 592
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
John.davis8@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 19th of December 2018, the foregoing Response was served via ECF on Michael E. Strauss, Esq, and Peter Anderson, Esq., counsel for the defendant, Imran Alrai.

/s/ John S. Davis
John S. Davis, AUSA