UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA     )
                             )                    No. 1:18-cr-192-JL
            v.               )
                             )
IMRAN ALRAI                  )

## **SUPPLEMENT TO DEFENDANT'S MOTION TO DISMISS**

Imran Alrai, the defendant, by and through counsel, Wadleigh, Starr and Peters, P.L.L.C., hereby supplements his motion to dismiss, pursuant to this Court's Order of September 4, 2020, to include legal authority for the relief requested in his motion to dismiss filed on September 2, 2020.

On September 2, 2020, Mr. Alrai filed a motion to dismiss arguing that recently disclosed documents establish that the government withheld exculpatory materials and this *Brady* violation was prejudicial to a degree that his convictions cannot stand.  Doc. 164.  Prior to the government's reply, this Court instructed the defendant to file a supplemental pleading "procedurally specifying the relief he seeks, and the authority (court rule, statute, and/or precedent) for its availability after a verdict."  *See* Order of September 4, 2020.

As there is no question that the evidence that is the subject of the defendant's *Brady* motion is newly discovered and, where his trial was held less than three years ago, court rules clearly provide authority for this Court to grant a motion for a new trial pursuant to Federal Rules of Criminal Procedure 33 (b)(1).

Legal precedence also provides that "a district court may exercise its supervisory power 'to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations

1

validly before a jury; and to deter future illegal conduct.'" *U.S. v. Aguilar*, 831 F.Supp.2d 1180, 1206 (2011); citing *United States v. Simpson,* 927 F.2d 1088, 1090 (9th Cir.1991).  The First Circuit has also held that a court may "consider invoking its supervisory powers to secure enforcement of 'better prosecutorial practice and reprimand of those who fail to observe it.'" *U.S. v. Osorio*, 929 F.2d 753, 763 (1st Cir. 1991); citing *United States v. Pacheco–Ortiz*, 889 F.2d 301, 310–11 (1st Cir.1989).  *Osorio* further recognized that "federal courts may invoke their supervisory powers to remedy the violation of a recognized right, preserve judicial integrity, and deter illegal conduct." *Id*. at 763; citing *United States v. Hasting*, 461 U.S. 499, 505 (1983).

Mr. Alrai's motion argues that the government's non-disclosure of *Brady* materials and the repeated pre-trial representations that the newly discovered evidence did not exist, are the type of facts that merit a finding that a new trial is not an adequate remedy and therefore this Court must exercise its supervisory powers and dismiss the convictions with prejudice.  *See* Doc. 164: 9-13.

At a minimum, the failure to preserve evidence and the newly discovered evidence render the verdicts no longer worthy of confidence and this Court clearly has the authority to grant a new trial pursuant to Federal Rules of Evidence, Rule 33 (b)(1).  Where, as here, the facts show that this remedy is clearly inadequate, this Court's supervisory powers require that it exercise its power to dismiss with prejudice for the reasons set forth in the motion to dismiss.

No memorandum of law is filed with this motion as the applicable authority is stated within this motion.

WHEREFORE, the defendant, Imran Alrai, respectfully requests that this Honorable Court:

A.  Dismiss the case and convictions against him, with prejudice;

B.  In the alternative, order a new trial pursuant to Rule 33; and

C.  Grant such other relief as is just and proper.

Respectfully submitted,

Imran Alrai

By his attorneys,
Wadleigh, Starr & Peters, PLLC

Dated: September 9, 2020             By: */s/ Donna J. Brown*
Donna J. Brown, Bar No. 387
Wadleigh, Starr & Peters, PLLC
95 Market Street
Manchester, NH  03101
(603) 669-4140

*/s/ Michael G. Eaton*
Michael G. Eaton, Bar No. 271586
Wadleigh, Starr & Peters, PLLC
95 Market Street
Manchester, NH  03101
(603) 669-4140

CERTIFICATE OF SERVICE

I, Donna J. Brown, hereby attest that a true copy of the foregoing has been delivered to all counsel of record through the Court's e-filing system.

*/s/* Donna J. Brown
Donna J. Brown Esq.