UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                      Civil No. 1:18-cr-192-JL
                                                        Opinion No. 2021 DNH 075

Imran Alrai

## ORDER

Defendant Imran Alrai moves for leave to conduct discovery related to his post-conviction, pre-sentencing Motion to Dismiss based on alleged violations of Brady v. Maryland, 373 U.S. 83 (1963). For the reasons discussed below, the court grants the motion in part and denies it in part.

**I.**    **Background**

Around July 2018, John J. Commisso, counsel for United Way, hired Greg Naviloff, a Director in the Dispute Advisory Services practice at RSM US LLP, to conduct an internal investigation into the losses the United Way incurred from its engagement with Alrai. RSM also completed other work for the United Way, including a data security investigation, and continued working for the United Way into 2019.[1] Alrai was indicted in November 2018. About six months later, the prosecution engaged Naviloff as an expert witness on the issue of the United Way's loss resulting from Alrai's alleged fraud.[2] At trial, Naviloff testified that the prosecution hired him "to provide the evaluation that [he] already had done . . . ."[3]

---

[1] December 3, 2020 Evidentiary Hearing Transcript (doc. no. 214) at 33:6-9.

[2] See doc. no. 164-22.

[3] December 11, 2019 Trial Transcript (doc. no. 130) at 85:15.

At the close of the December 2019 bench trial, this court found Alrai guilty of 44 counts of wire fraud, money laundering, and transportation of stolen property. The court acquitted Alrai on nine counts of money laundering, aggravated identity theft, and failure to file the FBARs. After the trial, defense counsel submitted a number of discovery requests, many of which pertained to Naviloff's opinion, and the prosecution produced materials in response to some of these requests. In September 2020, Alrai filed a motion ("Brady motion") requesting a new trial or the dismissal of the charges, arguing that he post-conviction discovery revealed that the prosecution suppressed exculpatory evidence in violation of Brady. Id.

In the Brady motion, Alrai contends, in part, that the purportedly suppressed evidence "would have provided counsel with an opportunity to challenge the good faith and integrity of the [government's] entire investigation" by showing that "the government's investigation, expert, witnesses, and case against Mr. Alrai were largely orchestrated by [the United Way's] attorney, John Commisso," who exhibited a bias against Alrai and withheld exculpatory evidence.[4] Alrai also argues that the allegedly suppressed evidence, including billing information for RSM's services for the prosecution, could have been used to impeach Naviloff, as they revealed that he partially based his opinion on the analysis of a relatively inexperienced IT associate—contrary to Naviloff's testimony at trial.[5]

This court held a three-day evidentiary hearing on the Brady motion on November 17, December 3, and December 7, 2020. The parties then submitted post-hearing briefs. On March 17, 2021, Alrai moved for discovery related to the Brady motion. Specifically, Alrai seeks: "(1)

---

[4] Doc. no. 164 at 2.

[5] The court does not attempt to summarize each of the arguments in the Brady motion here, but rather to briefly recount the arguments that are most pertinent to this discovery motion.

2

unredacted copies of the 19 emails listed in the pre-trial privilege log; (2) any emails sent to, received by, forwarded to and by [both internal and external recipients] the US Attorney's Office regarding the RSM billing records that are the subject of the [Brady motion]; (3) unredacted copies of the emails that are the subject of the post-conviction privilege log; and (4) any documents or information that are relevant to either the merits of the defendant's Brady claim or the remedy sought for that alleged Brady violation."[6] Alrai had already sent the prosecution a letter in February 2021 listing the first three discovery requests.[7] The prosecution disputes that Alrai is entitled to the requested discovery and objects to this motion.[8]

## II. Applicable legal standard

Alrai avers that he is entitled to the requested discovery under Brady. "Under Brady, the government has a duty to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." United States v. Prochilo, 629 F.3d 264, 268 (1st Cir. 2011). "The government is primarily responsible for deciding what evidence it must disclose to the defendant under Brady." Id. (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 58 n.15 (1987)). "When the defendant seeks access to specific materials that the government maintains are not discoverable under Brady, however, a trial court may in some instances conduct an in camera review of the disputed materials." Id. (citing Ritchie, 480 U.S. at 58 n.15)).

But "Brady does not permit a defendant 'to conduct an in camera fishing expedition through the government's files.'" United States v. Caro-Muniz, 406 F.3d 22, 29 (1st Cir. 2005)

---

[6] Doc. no. 251 at 3.

[7] Doc. no. 249-1 at 2-3.

[8] Doc. no. 254.

3

(quoting United States v. Pou, 953 F.2d 363, 367 (8th Cir.1992)). Thus, to warrant in camera review of the materials, the defendant "must make some showing that the materials in question could contain favorable, material evidence." Prochilo, 639 F.3d at 269 (internal citations omitted); see United States v. Espinal-Almeida, 699 F.3d 588, 618 (1st Cir. 2012) ("To establish a Brady violation a defendant must provide the court with at least some indication that the materials he seeks to access contain material and potentially exculpatory evidence." (internal quotation omitted)). The defendant cannot rely on "mere speculation" to make this showing, but should instead "articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material." Prochilo, 639 F.3d at 269 (citing Rosario-Peralta, 175 F.3d at 55-56).

### III. Analysis

#### A. Request 3: Unredacted copies of the emails listed in the post-conviction privilege log

This request pertains to a September 9, 2020 privilege log that Commisso created.[9] The documents listed on the post-conviction privilege log are withheld as "[p]rivileged, non-responsive, [and] Data Security Investigation." Some entries are additionally withheld because they contain information pertaining to "eDiscovery [p]rocedures." Alrai argues that the United Way waived any attorney-client privilege over its documents by failing to object to RSM being hired as the prosecution's expert and by failing to quash the grand jury subpoena issued to United Way in June 2018, which requested "any and all documents concerning Imran Alrai and

---

[9] September 9, 2020 Privilege Log (doc. no. 181-1).

4

Digitalnet Technology Solutions, LLC."[10]  Alrai also argues that the term "data security" has not been defined, and the privilege asserted over documents on this subject matter is "baseless."[11]

Alrai's arguments are unavailing.  He provides no support for the assertion that the United Way's failure to quash the grand jury subpoena constitutes a waiver of privilege.  Also, the United Way has been clear about the basis for its assertion of attorney-client privilege over documents pertaining to the data security investigation that RSM conducted.  For example, Commisso explained in a September 18, 2020 declaration that "[t]here are other areas of RSM's work and [the United Way's] internal investigation which are unrelated to Naviloff's loss analysis and which remain privileged, including for example documents regarding the data security investigation."[12]  Commisso further detailed the United Way's engagement with RSM's Digital Forensics and Incident Response team regarding data privacy and security issues in a November 20, 2020 filing.[13]  Moreover, the court previously recognized that the materials related to the data security investigation are not part of this case and stated in a discovery order that any production ordered regarding RSM's material and activities is limited to RSM's forensic accounting investigation, and not RSM's other, unrelated work for the United Way.[14]  Finally, contrary to Alrai's contention, Commisso testified during the Brady motion hearing that the

---

[10] June 4, 2018 Grand Jury Subpoena (doc. no. 251-2).

[11] Doc. no. 251 at 14.

[12] Doc. no. 170-4 at ¶ 35.

[13] Doc. no. 198 at 3-5.

[14] August 24, 2020 Discovery Order (doc. no. 161) at 2.

United Way "has always asserted the privilege with respect to the data security investigation,"[15] including when the prosecution hired Naviloff as an expert.[16]

Alrai does not articulate with the necessary specificity what he thinks he will find in the post-conviction privilege log or why the communications in the log would be favorable and material, as is needed to justify discovery under Brady.  See Prochilo, 639 F.3d at 269.  Instead, Alrai speculates that the data security privilege is a "ruse" and contends that the documents should be turned over because Commisso and the prosecution previously suppressed evidence and are generally unreliable.  The court denies this request, as Alrai does not make an adequate showing for the disclosure of the evidence under Brady, and the court finds no reason to change course and stop honoring a privilege that the United Way has consistently asserted.[17]

### B.    Request 1: Unredacted copies of the emails listed in a pre-trial privilege log

Alrai seeks unredacted copies of 19 emails listed in a pre-trial privilege log that Commisso created on November 26, 2019.[18]  The genesis of the privilege log is relevant to the court's analysis.  Naviloff's October 17, 2019 expert report contains a footnote stating that, in the course of developing his report, RSM "collected" a number of potentially relevant United Way documents, including laptop images, email records, and "documents relevant to [the United

---

[15] December 7, 2020 Evidentiary Hearing Transcript (doc. no. 232) at 86:7-11.

[16] December 3, 2020 Evidentiary Hearing Transcript (doc. no. 214) at 44:13-24.

[17] Alrai also requests unredacted copies of the documents in the post-conviction privilege log in his Motion to Compel Compliance with the August 10, 2020 Discovery Order (doc. no. 181), which Alrai describes as "a post-trial discovery motion related to forfeiture and sentencing." Doc. no. 251 at 1.  The court expresses no opinion, at this juncture, about the arguments in the Motion to Compel, including whether Alrai's due process rights at sentencing require disclosure of these documents.

[18] November 26, 2019 Privilege Log (doc. no. 181-10).

Way's] procurement of IT related services," which were then compiled into an e-discovery database in which Naviloff conducted "ad hoc searches."[19] The prosecution asserts that, in response to requests from Alrai's counsel, it identified and produced each document in the database that RSM viewed or accessed prior to trial.[20] Commisso testified that the documents were produced "without making a determination if [they were] relevant or not."[21] Commisso reviewed the documents for privilege, however, and withheld 19 documents that "contain attorney client communication" and/or are attorney work product.[22]

Alrai argues that the United Way waived any privilege over these documents by sharing them with RSM and failing to quash the grand jury subpoena, and he again asserts that Commisso and the prosecution are unreliable and previously suppressed exculpatory evidence. The prosecution avers that it does not possess these documents and thus cannot be compelled to produce them.

The court will review these documents in camera for two reasons, which are somewhat separate from the parties' arguments. First, unlike in the case of the post-conviction privilege log, Commisso has not classified these documents as pertinent to the data security investigation or otherwise irrelevant to RSM's loss analysis. Since the United Way does not assert privilege

---

[19] November 22, 2019 Chambers Teleconference Transcript (doc. no. 218) at 17:19-18:4; October 17, 2019 Expert Report of Greg T. Naviloff (doc. no. 50-1 at 4 n.1).

[20] November 22, 2019 Chambers Teleconference Transcript (doc. no. 218) at 5:14-22.

[21] December 7, 2020 Evidentiary Hearing Transcript (doc. no. 232) at 102:5-12 (Testimony of J. Commisso).

[22] November 22, 2019 Chambers Teleconference Transcript (doc. no. 218) at 13:22-14:13; doc. no. 198 at 7.

over documents pertaining to the loss analysis that RSM conducted for it,[23] it is unclear to the court what United Way documents would be both responsive to a discovery request in this case and privileged, such that they belong on this privilege log.  Second, RSM either reviewed or accessed the documents on the privilege log.  The court does not make any judgment about the reliability or accuracy of Commisso's privilege determination, but the court does have reservations about a victim's attorney acting independently to withhold documents that the prosecution's expert accessed and potentially relied upon in developing his opinion.  Given that the prosecution's expert accessed these documents and their content is unknown to the government and unclear to the court, the court will view these documents in camera to determine whether they are privileged and, if they are not privileged, whether they are Brady material.

### C. Request 2: U.S. Attorney's Office emails regarding the RSM billing records

Alrai seeks emails involving the U.S. Attorney's Office which pertain to RSM billing records for RSM's engagement with the prosecution.  The court disagrees with Alrai's argument that the U.S. Attorney's Office waived privilege over all such communications when AUSA Davis stated during the Brady motion hearing that he looked at his email inbox to find an email containing a bill from RSM, which Alrai argues was improperly suppressed.  Nor does Alrai make a "showing that the [emails] in question could contain favorable, material evidence," merely by declaring that the billing records themselves were Brady material.  Prochilo, 639 F.3d at 269.  The court accordingly denies this request.

---

[23] December 3, 2020 Evidentiary Hearing Transcript (doc. no. 214) at 35:3-5.

8

### D. Request 4: Documents or information relevant to the defendant's <u>Brady</u> claim or the remedy sought for that alleged <u>Brady</u> violation

In this final request, Alrai seeks additional discovery related to his <u>Brady</u> claim. He largely supports this request by recounting the purported prejudice that resulted from other evidence that the prosecution and/or Commisso allegedly suppressed. Alrai fails to articulate the scope or content of this request or explain its potential materiality with the requisite specificity. The court denies this request, as it is tantamount to a "fishing expedition into the government's files," which is not permitted under <u>Brady</u>. <u>Caro-Muniz</u>, 406 F.3d at 29.

### IV. Conclusion

Alrai's discovery motion[24] is granted in part and denied in part.[25] The United Way is ordered to produce to the court, for <u>in camera</u> review, the 19 documents listed in the November 26, 2019 privilege log, no later than April 23, 2021.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: April 16, 2021

cc:    John S. Davis, AUSA
       Cam T. Le, AUSA
       Matthew Hunter, AUSA
       Donna J. Brown, Esq.

---

[24] Doc. no. 251.

[25] The court's <u>in camera</u> review of the documents in the November 26, 2019 privilege log could reveal information that may potentially impact the court's analysis of the other three discovery requests in this motion. If that is the case, the court will notify counsel and let them address the issue.

Michael Gregory Eaton
Kevin M. Sibbernsen, Esq.
John J. Commisso, Esq.

Case 1:18-cr-00192-JL   Document 255   Filed 04/16/21   Page 10 of 10