UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-192-JL |
| | ) | |
| IMRAN ALRAI | ) | |

**DEFENDANT'S SUPPLEMENT TO MOTION FOR RECONSIDERATION OF DETENTION PENDING SENTENCING (DOC. 403)**

NOW COMES the Defendant, Imran Alrai, and respectfully submits the within supplement to his Motion For Reconsideration of Detention Pending Sentencing (Doc. 403) filed on November 8, 2024 and taken under advisement by this Court on November 19, 2024. The following is relevant to this Court's reconsideration of detention pending sentencing:

1. At the time the Defendant filed his Motion For Reconsideration of Detention Pending Sentencing (Doc. 403), he was actively and in good faith engaging in negotiations with the Government to resolve the post-trial issues relative to his sentencing and appeal. As this Court is aware, the parties were unable to come to an agreement and the Defendant intends on participating in a sentencing conference between the parties and the Court on a later date.

2. The Defendant is heavily involved in his case and working with his counsel. In the event the parties are still unable to come to an agreement during or following the sentencing conference, there are several complex legal and factual issues related to sentencing and the Defendant's renewed motion to dismiss.

3. Specific to sentencing, the guideline range is largely driven by the loss amount attributed to the Defendant. As reflected in the Presentence Investigation Report ("PSR"), there is an

eighteen (18) level increase with a calculated loss of more than 3.5 million but not more than 9.5 million. (Doc. 409 at 11-12, ¶59). The loss calculation included in the PSR is dependent on the government's theories presented at trial through its expert J. Wesley Wilson.

4. There is no dispute that the Defendant provided at least some value-added IT services for the United Way for approximately six years. Accordingly, this Court will have to determine the fair market value of the services rendered and the actual loss to the United Way and Robert Allen Group. The Defendant anticipates challenging Wilson's expert opinion and establishing that the loss amount, and separate but related issues of restitution and forfeiture, is substantially inflated.

5. Regarding the renewed motion to dismiss, a supplement is presently due on or before February 21, 2024.

6. The Defendant's detention significantly limits his ability to assist in preparing for sentencing and litigating his motion to dismiss. If the Defendant is released to home confinement, he will have the ability to assist counsel and have access to the voluminous discovery that is presently hosted in an e-discovery platform that is inaccessible while he is incarcerated.

7. Since the Defendant was incarcerated on October 11, 2024, his health continues to be a concern. According to the PSR, the Defendant has Hypothyroidism, a weakened immune system, anemia, reduced bone density, and chronic back pain. (Doc. 409 at 16).

8. Moreover, the jail is currently experiencing an increase in inmates and staff with COVID. Undersigned counsel conferred with the Merrimack County Jail on January 16, 2025 who confirmed the presence of COVID and current uptick in confirmed cases. The only option

for the Defendant to avoid contracting COVID as it spreads through the jail is to go into solitary confinement.

9. Lastly, the Defendant corrects his Motion for Reconsideration of Detention Pending Sentencing. The Court took the Motion for Reconsideration of Detention under advisement on November 19, 2024 and stated that "the defendant's motion oversimplifies both the court's views and the law on the presentence detention/release issue." The Defendant was without transcripts and relying on memory in summarizing the Court's view. ("In this Court's view, payments to restitution would demonstrate an acceptance of responsibility and, in turn, negate a risk of flight." Doc. 403 at 1).

10. Now with the benefit of the transcript, in ordering the Defendant detained, the Court found that the Defendant had not met his burden of showing by clear and convincing evidence that he poses no flight risk. (Doc. 407 at 23). The Court, however, expressed its view that "if there's a proposal somebody can make to me where he can make restitution – begin to – begin making restitution for this conviction to the United Way, I might be willing to facilitate that with a release. I'm not trying to bargain. He doesn't have to buy his way out of presentence detention. That's not what I'm saying. I'm saying that that matters to me in the sense that it might help me weigh the factors by the clear and convincing showing that needs to be made." (Doc. 407 at 19).

WHEREFORE, the Defendant respectfully requests that this Court reconsider its order of detention and release the Defendant on the same conditions of release imposed pretrial or whatever reasonable conditions this Court deems necessary to ensure his appearance at sentencing.

3

        Respectfully submitted,
        IMRAN ALRAI,
        By and through his counsel,

        /s/ Robert L. Sheketoff
        Robert L. Sheketoff, Esq.
        Law Offices of Robert L. Sheketoff
        1 McKinley Square, Floor 3
        Boston, MA  02109


        /s/ Ashley P. Allen
        Ashley P. Allen, Esq.
        Law Office of A.P. Allen
        7 Elm Street, Suite 348
        Boxford, MA 01921


Dated: January 23, 2025

## CERTIFICATE OF SERVICE

     Above-signed counsel certifies that this pleading has been forwarded to all parties via ECF on the above date.