# UNITED STATES DISTRICT COURT
District of New Hampshire

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>IMRAN ALRAI | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 18-cr-192-01-JL<br>USM Number: 16152-049<br>Robert L. Sheketoff, Esq., Ashley P. Allen, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  1s, 4s, 7s, 8s, 10s-16s, 18S, 45s-50s
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 7/18/2016 | 1s, 4s, 7s, 8s, 10s-16s, 18s |
| 18 U.S.C § 1957 | Money Laundering | 6/20/2018 | 45s-50s |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 1, 2s, 3s, 5s, 6s, 9s, 17s, 19s-44s, 51s-53s ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/25/2025
Date of Imposition of Judgment

_signature_
Signature of Judge

Joseph N. Laplante U.S. District Judge
Name and Title of Judge

4/25/25
Date

DEFENDANT: IMRAN ALRAI
CASE NUMBER: 18-cr-192-01-JL

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Thirty-six (36) months. This term consists of a term of 36 months on Counts 1s, 4s, 7s, 8s, 10s-16s, 18s, & 45s-50s, to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:
   The Court recommends the defendant be designated to an institution commensurate with security where the Bureau of Prisons can afford appropriate medical care for the defendant's documented medical needs. The court specifically recommends Devens FMC. Secondly, the court recommends if Devens FMC is inappropriate or unavailable, then Berlin FCI or Danbury FCI to facilitate visitation by his family, which will facilitate good behavior and successful reentry.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: IMRAN ALRAI
CASE NUMBER: 18-cr-192-01-JL

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

1 year. This term consists of terms of 1 year on all counts, such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: IMRAN ALRAI
CASE NUMBER: 18-cr-192-01-JL

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

# SPECIAL CONDITIONS OF SUPERVISION

Financial Requirements and Restrictions

1. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the Financial Litigation Unit of the U.S. Attorney's Office.

2. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3. If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
USDC-NH (8/21)   Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT: IMRAN ALRAI
CASE NUMBER: 18-cr-192-01-JL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 1,800.00 | $ 2,300,000.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United Way of Massachusetts Bay & Merrimack Valley, 51 Sleeper Street Boston, MA 02210 |  | $2,300,000.00 |  |

| TOTALS | $ 0.00 | $ 2,300,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: IMRAN ALRAI
CASE NUMBER: 18-cr-192-01-JL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 1,800.00 due immediately.

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, N.H. 03301. Personal checks are not accepted.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*      Total Amount      Joint and Several Amount      Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The Preliminary Order of Forfeiture is final. It shall be final and made part of the sentencing in this case and included in the Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-192-JL |
| | ) | |
| IMRAN ALRAI | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE

1. The defendant, Imran Alrai, was found guilty following a jury trial of multiple counts of a Superseding Indictment that charged him with wire fraud, in violation of 18 U.S.C. § 1343 and Money Laundering, in violation of 18 U.S.C. § 1956.

2. The defendant agrees to forfeit the following property constituting or derived from any proceeds of the wire fraud, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): (1) (18-FBI-004566) $38,600.65 in funds from Bank Account Number 535042684 in the name of DigitalNet Technology Solutions LLC at Pentucket Bank; (2) (18-FBI-004569) $5,003.55 in funds from Bank Account # 700007206 in the name of DigitalNet Technology Solutions LLC at Pentucket Bank; (3) (18-FBI-004570) $936,078.51 in funds from Bank Account # 600053920 in the name of DigitalNet Technology Solutions LLC at Pentucket Bank; (4) (18-FBI-005313) $456,941.18 in funds from Bank Account #3314825155 in the name of AISA Consulting Group, LLC, at Citizens Bank; (5) (18-FBI-005344) $125,000.00 in funds from Bank Account # 0000152921-100 in the name of Imran Alrai at Bellwether Community Credit Union; (6) (18-FBI-005346) $125,000.00 in funds from Bank Account # 0000152928-100 in the name of Imran Alrai at Bellwether Community Credit Union; (7) (18-FBI-005400) $250,000 in funds from Bank Account # 47512154-66 in the name of Imran Alrai at Service

Credit Union; (8) (18-FBI-005400) the contents of Pershing LLC Account #6FY-450381 in the name of Imran Alrai, up to the amount of $263,228.99.

3. In addition, the defendant further agrees to a forfeiture money judgment in the amount of $2,300,000.00, which represents the total amount of proceeds the defendant obtained from the wire fraud offenses charged in Counts 1, 4, 7, 8, 10-15, and 18 of the Superseding Indictment. The net proceeds from the directly forfeitable property listed in paragraph one, or any subsequently forfeited substitute assets, will be credited to the balance of the money judgment. The defendant acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets to satisfy the money judgment.

IT IS HEREBY ORDERED, ADJUGED AND DECREED that the property listed in paragraph one, above, and a personal money judgment in the amount of $2,300,000.00 is hereby forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The Federal Bureau of Investigations, or any authorized federal law enforcement agency, shall seize and maintain custody of the forfeited property until further order of the Court.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the sentence and included in the judgment. The United States shall follow the provisions of Fed. R. Crim. P. 32.2(b)(6) regarding publication and notification to any potential third-party claimants to the forfeited property.

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Preliminary Order of Forfeiture to include substitute property having a value not to exceed $2,300,000.00 to satisfy the money judgment in whole or

in part. Any assets forfeited as direct proceeds (listed in paragraph two) or later forfeited substitute assets, will be credited to the balance of the money judgment. Accordingly, the net proceeds from the sale of the property listed in paragraph one will be credited to the money judgment.

IT IS FURTHER ORDERED that in accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(b)(2), the United States is authorized to undertake whatever discovery may be necessary to identify, locate or dispose of substitute assets to satisfy the money judgment.

The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to the provisions of Fed. R. Crim. P. 32.2(e).

The Clerk shall send copies of this Preliminary Order of Forfeiture to the United States Probation Office and counsel for all parties and shall send a certified copy of this Preliminary Order of Forfeiture to the United States Attorney's Office, Attention: Asset Forfeiture Unit.

Entered this __25th__ day of __April__, 2025.

_____
UNITED STATES DISTRICT JUDGE